UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOORE HOLDINGS, INC., d/b/a SUMMIT CAPITAL

          Plaintiff,

v.

SHANGHAI DAIMAY AUTOMOTIVE INTERIOR CO., LTD., DAIMAY NORTH AMERICA, INC., and DAIMAY NORTH AMERICA AUTOMOTIVE, INC.,

          Defendants.

Case No. 2:10-cv-12837-AJT-PJK

_____/

| | |
|---|---|
| Eric D. Scheible (P54174) | Frederick A. Acomb (P44523) |
| J. Christian Hauser (P57990) | Mary Kate Griffith (P72284) |
| Jonathan D. Ordower (P58015) | MILLER CANFIELD PADDOCK |
| FRASCO CAPONIGRO | AND STONE, PLC |
| WINEMAN & SCHEIBLE, PLLC | Attorneys for Defendants |
| Attorneys for Plaintiff | 150 W. Jefferson, Suite 240 |
| 1668 Telegraph Road, Suite 200 | Detroit, MI 48226 |
| Bloomfield Hills, MI 48302 | (313) 963-6420 / (313) 496-8454 |
| (248) 334-6767 / (248) 334-0999 fax | acomb@millercanfield.com |
| es@frascap.com | griffth@millercanfield.com |
| ch@frascap.com | |
| jdo@frascap.com | |

_____/

**STIPULATED PROTECTIVE ORDER**

      Discovery in this case may require disclosure of information, either documentary or testimonial or both, or tangible or intangible items and electronically stored information, regarded by any producing person, entity, or third person (the "producing party") as confidential or proprietary within the meaning of FRCP 26(c). Accordingly, the parties, through counsel, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

l. Any document, information, or tangible or intangible item, including electronically stored information, that the producing party in good faith contends contains confidential information, is entitled to protection;

2. Documents or items, including electronically stored information, shall be designated confidential within the meaning of this Protective Order in the following ways:

    (a)    In the case of documents and the information contained therein, designation shall be made by placing on the document the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY EYES ONLY."

    (b)    In the case of interrogatory answers and the information contained therein, designation shall be made by providing a supplemental answer, separate from a general answer, containing the information or documents marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

    (c)    In the case of electronically stored information produced in a digital medium, such as a hard disk, floppy disk, CD, DVD, or flash drive, designation shall be made by placing on the medium, where practical, or on documentation accompanying the medium the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

    (d)    In the case of other tangible or intangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" or by other appropriate means reasonably calculated to give notice of the designation of the item as subject to this Protective Order.

    (e)    In producing original files, records, or items for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the initial inspection, all documents and items produced shall be considered as marked "CONFIDENTIAL - ATTORNEYS EYES ONLY," except as otherwise agreed by the producing party. Thereafter, upon selection of specified documents or items for copying or further inspection by the receiving party, the producing party shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" the copies of such documents or items as may contain

information a party deems in good faith as "CONFIDENTIAL" at the time the copies are produced to the receiving party.

3. With respect to all documents, information, or tangible or intangible items produced or furnished by a producing party during this litigation, which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the producing party, such "CONFIDENTIAL" materials shall be kept confidential and shall not be given, shown, inspected, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive such "CONFIDENTIAL" materials under the terms of and except as provided in this Protective Order.

4. Nothing in this order shall be taken as indicating that any discovery materials are in fact confidential or entitled to confidential treatment.  Either party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."  The designating party shall have the burden of justifying the designation of the materials.

5. Any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" designation that is inadvertently omitted during document production may be corrected by written notification to opposing counsel.  Further, any "CONFIDENTIAL" materials produced prior to the entry of this Order may be designated ""CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" as though produced under the provisions of this Order.

6. If, in the course of this proceeding, depositions are conducted, testimony or portions of testimony may be designated as ""CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS EYES ONLY" by an appropriate statement at the time of the giving of such testimony or by designation within 14 days after receipt of the transcript of the deposition or hearing, provided, however, that until a designation has been received, testimony is not subject to protection under this order.  Transcripts of testimony, or portions thereof, containing "CONFIDENTIAL" materials deemed "CONFIDENTIAL" shall be filed only under seal as described below, until further order of the Court.

      7.      No document shall be filed under seal except pursuant to the Court's rules and procedures and consistent with this Protective Order.  The Clerk of Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, and other papers or items filed in Court in this matter that have been designated, in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by a party to this matter.  In the event that a party wishes to use any "CONFIDENTIAL" materials in any affidavits, briefs, memoranda of law, or other papers filed with the Court, such materials shall be filed with the Clerk of the Court in a separate, sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation: "Contains CONFIDENTIAL INFORMATION: FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" in bold capital letters.

      8.      Subject to the terms of this Protective Order, before disclosing any document or information designated by the producing party as "CONFIDENTIAL" to any employee or officer of the receiving party, any witness or prospective witness of the receiving party, including an expert witness, or any other person to whom disclosure of

such designated "CONFIDENTIAL" materials is otherwise barred without compliance with this Order, counsel for the receiving party shall obtain a written declaration, in the form attached hereto as Exhibit A, from each person to whom disclosure is to be made, acknowledging that any document, information, or item that has been designated as "CONFIDENTIAL" is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, that the person agrees to be subject to the jurisdiction of this Court with respect to enforcement of the Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The declaration shall be provided by facsimile or email to opposing counsel and no "CONFIDENTIAL" materials may be disclosed to such person before the expiration of five (5) business days commencing with the receipt by counsel for the producing party of a copy of the declaration.  During the five business (5) day period, counsel for the producing party may object in good faith to the disclosure of "CONFIDENTIAL" materials to such person.  If counsel for the producing party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to be a basis for objection that was not known and could not reasonably have been discovered in said period.  If an objection is received within the five (5) business day period, then the party seeking disclosure shall have the obligation to seek an order of the Court removing the objection. The five (5) business day period may be reduced by agreement of the parties and any requests for reduction of such time period will not be unreasonably refused.

      9.      Except as permitted by further order of this Court or by subsequent written agreement of the producing party, and subject to the provisions of this Protective Order,

disclosure of documents, information or items designated "CONFIDENTIAL – ATTORNEYS EYES ONLY," including summaries thereof, but not including documents with the CONFIDENTIAL portions redacted, shall be limited to:

    (a)    counsel of record for the parties and paralegal and clerical employees assisting such counsel, but not including in-house counsel;

    (b)    Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending, as well as any Court to which an appeal in this action might lie;

    (c)    independent consultants or experts retained by either of the parties to consult or testify in the case following the procedure of this Protective Order;

    (d)    authors or drafters of the documents or information;

    (e)    outside vendors who perform photocopying, microfiching, computer classification or similar clerical functions, but only so long as necessary to perform those services;

    (f)    court reporters and other persons engaged in preparing transcripts of testimony or hearings for this action; and

    (g)    non-technical trial consultants and graphics or design firms retained by outside counsel for a receiving party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel, but only so long as necessary to perform these services.

10.    If, through inadvertence, a producing party provides any information pursuant to this litigation, without marking the information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the producing party may subsequently inform the receiving party of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information as requested upon receipt of written notice

from the producing party, to the extent the receiving party has not already disclosed this information. To the extent the receiving party has already disclosed the inadvertently non-designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information, the receiving party shall make reasonable efforts to contact the individuals to whom such information has been disclosed and advise them of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" nature of the information and request that the information to treated in accordance with the provisions of the Protective Order.

11. The restrictions set forth in this Order will not apply to information which is known to the receiving party, free of any obligation to maintain the information in confidence, or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order or other law. If such public information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," the receiving party must inform the producing party of the pertinent circumstances before the restrictions of this order will be inapplicable.

12. No person or party shall directly or indirectly utilize or disclose any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with any further order issued by the Court. Restrictions on the use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES

ONLY" information as specified in this Order shall continue during any trial or hearing in this case. The use of such information as evidence at trial or hearing in this case shall be subject to such protection as the Court shall determine.

   13. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

   14. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

   15. At the conclusion of this action, including any appeals, all "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS EYES ONLY" information furnished pursuant to this Protective Order, and all copies thereof, shall be destroyed or returned to the producing attorneys of record. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" information produced hereunder shall continue to be binding after the conclusion of this action.

   16. If discovery is sought of a person or entity not a party to this action ("third party") requiring disclosure of such third party's "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information, the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information disclosed by such third party will be accorded the same protection as the parties' "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" information, and will be subject to the same procedures as those governing disclosure of the parties' "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEYS EYES ONLY" information pursuant to this Protective Order.

17. In the event that any producing party determines that any "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS EYES ONLY" information marked or identified by it in accordance with this Order should no longer be subject to this Order, it may file with the Court a stipulation identifying such "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information or part thereof and stating that its designation thereof as CONFIDENTIAL and/or "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to this Order is terminated. From and after the filing of such stipulation, such information and all actions taken with respect to such information shall no longer be subject to this Order.

18. In the event any recipient of information subject to this Protective Order (the "Recipient") is subpoenaed in another action or is served with a demand in another action to which the Recipient is a party, and the subpoena or demand seeks material that was produced in the present action or designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" by someone other than the Recipient, the Recipient shall give prompt written notice of such subpoena or demand to the party that designated such "CONFIDENTIAL" materials as "CONFIDENTIAL or "CONFIDENTIAL - ATTORNEYS EYES ONLY."  For the purposes of this paragraph, the term "another action" shall include, without limitation, government investigations, and the provisions of this paragraph shall apply, in the case of government investigations, to documents requested either by subpoena or by civil investigation demand.

19. This Protective Order shall survive the entry of judgment in this action or any stipulation of dismissal thereof and shall continue in full force and effect, without limitation in time, subject to further order of the Court. The Court retains jurisdiction to amend, modify, or enforce the terms of this Order, including subsequent to settlement or entry of judgment.

The foregoing is hereby stipulated between counsel.

IT IS SO ORDERED.

S/ARTHUR J. TARNOW<br>
Arthur J. Tarnow<br>
United States District Judge

Dated: September 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE<br>
Case Manager

STIPULATED AND AGREED:

/s/ J. Christian Hauser (with permission)
Eric D. Scheible (P54174)
J. Christian Hauser (57990)
Jonathan D. Ordower (P58015)
Attorneys for Plaintiff
Frasco Caponigro Wineman & Scheible, PLLC
1668 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 334-6767


/s/ Frederick A. Acomb
 Frederick A. Acomb (P44523)
 Mary Kate Griffith (P72284)
 Attorneys for Defendants

Miller Canfield Paddock and Stone, PLC
150 W. Jefferson, Suite 240
Detroit, MI  48226
(313) 963-6420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOORE HOLDINGS, INC., d/b/a SUMMIT CAPITAL

         Plaintiff,

v.

SHANGHAI DAIMAY AUTOMOTIVE INTERIOR CO., LTD., DAIMAY NORTH AMERICA, INC., and DAIMAY NORTH AMERICA AUTOMOTIVE, INC.,

         Defendants.

Case No. 2:10-cv-12837-AJT-PJK

_____/

| Eric D. Scheible (P54174) | Frederick A. Acomb (P44523) |
|---|---|
| J. Christian Hauser (P57990) | Mary Kate Griffith (P72284) |
| Jonathan D. Ordower (P58015) | MILLER CANFIELD PADDOCK |
| FRASCO CAPONIGRO | AND STONE, PLC |
| WINEMAN & SCHEIBLE, PLLC | 150 W. Jefferson, Suite 240 |
| Attorneys for Plaintiff | Detroit, MI 48226 |
| 1668 Telegraph Road, Suite 200 | (313) 963-6420 / (313) 496-8454 |
| Bloomfield Hills, MI 48302 | acomb@millercanfield.com |
| (248) 334-6767 / (248) 334-0999 fax | griffth@millercanfield.com |
| es@frascap.com | |
| ch@frascap.com | |
| jdo@frascap.com | |

_____/

## **UNDERTAKING**

    I _____, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employer is _____.

    3.    My present occupation or job title is _____.

    4.    I have received a copy of the Protective Order entered in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I submit to the jurisdiction of the Oakland County Circuit Court for purposes of enforcement of the protective order, and fully understand that violation of the protective is punishable by contempt of Court.

8. If I am a retained expert or consultant, I agree that I will not become an employee of the party who retained me for a period of two (2) years following the conclusion of this litigation.

9. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any materials designated as "CONFIDENTIAL" or "Confidential" or any words, substances, summaries, abstracts or indices thereof disclosed to me, and I shall use such materials only for purposes of this action and not for any other purpose, including without limitation any business, proprietary, commercial, governmental, or litigation purpose.

10. I will return all materials designated as "CONFIDENTIAL" or "Confidential" and any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

11. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Print Name:_____

Dated:_____

18,356,260.1\144767-00002

Case 2:10-cv-12837-AJT -PJK   Document 11   Filed 09/13/10   Page 14 of 14